UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **IBRAHIM ABDIRAAHMAN GURE** (#A206 237 687) | DOCKET NO. 15-cv-2440; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **LORETTA LYNCH, ET AL.** | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by pro se Petitioner Ibrahim Gure. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE), at the LaSalle Detention Center in Jena, Louisiana. Petitioner challenges his continued post-removal order detention.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner is a citizen of Ethiopia. He was ordered removed from the United States by an Immigration Judge on January 15, 2015. [Doc. #4, p.12] He states that he did not appeal the decision to the Board of Immigration Appeals ("BIA").

### *Law and Analysis*

Petitioner alleges that his continued detention violates Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

The Attorney General has ninety days to effect an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. §1231; Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir.2006), cert. denied, 549 U.S. 1132 (2007). Aliens may be detained during the ninety-day removal period. 8 U.S.C. § 1231(a)(2).

In this case, the removal period was triggers on the date the order of removal became administratively final. 8 U.S.C. § 1231(a)(1)(B). Petitioner states that he did not appeal the Immigration Judge's order of removal, so his removal order became administratively final thirty days after the Immigration Judge's ruling, on February 14, 2015, when the time for seeking BIA review had expired. 8 U.S.C. §1101(a)(47)(B). The Attorney General then had 90-days from February 14, 2015, within which to remove Petitioner. 8 U.S.C.A. §1231(A)(1)(B)(i). The ninety day period expired on or about May 15, 2015.

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that the United States Constitution does not permit indefinite detention lasting *beyond six months past the ninety-day removal period*. After the expiration of those six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. The alien bears the burden of proof in showing that no such likelihood of removal exists. Id.

2

Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." Id. Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

The the six-month presumptively reasonable period under Zadvydas began in this case on or about May 15, 2015. Thus, the six-month Zadvydas period has not yet expired.

Therefore, Petitioner fails to state a claim for which relief can be granted. See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir.2002) (finding that the six-month period must have expired at the time the §2241 petition was filed in order to state a claim under Zadvydas); Okpuju v. Ridge, 115 Fed. App'x 302, 2004 WL 2943629 (5th Cir. 2004)(noting that the petitioner's claim regarding his continued detention was premature because he had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in Zadvydas), cert. denied, 544 U.S. 1066 (2005). Accordingly, the petition must be dismissed without prejudice as premature.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition

for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE.**

## *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 27th day of October, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE